1 ALEJANDRO P. GUTIERREZ, Bar No. 107688
agutierrez@hathawaylawfirm.com
2 HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, APC
3 200 Hathaway Building, 5450 Telegraph Road
Post Office Box 3577
4 Ventura, CA 93006-3577
Tel: 805.644.7111 │ Fax: 805.644.8296

Attorneys for Plaintiff and the Putative Class

JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Tel: 619.232.0441 │ Fax: 619.232.4302

*For All Other Attorneys, Please See Signature Page*

Attorneys for Defendant Ecolab Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG MINER, an individual, on behalf of himself and other persons similarly situated; MOES 1 through 10,000,<br><br>Plaintiff,<br><br>v.<br><br>ECOLAB, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02313 FMO-JC<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: March 24, 2017<br>FAC filed: May 30, 2017 |

Plaintiff Doug Miner ("Plaintiff") and Defendant Ecolab Inc. ("Defendant"), by and through their respective counsel of record, submit this stipulation for a protective order and agree to the following:

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

## Good Cause Statement

1. Plaintiff's allegations may require disclosure of private and/or confidential information regarding Defendant's employees who opted into this case. In addition, the parties expect that Plaintiff may request and Defendant has been asked to produce/may need to produce confidential business information involving Defendant's business policies and practices that would likely cause significant harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order, as the protective order will allow the parties to engage in discovery in this lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practicable during the litigation.

## Definitions And Designation

2. "Confidential Information" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format received in this action that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) confidential or sensitive company proprietary business information and (b) company pay plans and pay documents that applied to Plaintiff.

3. "Attorneys Eyes Only Material" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format received in this action that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to: highly confidential or sensitive business information that could cause financial harm to Defendant if disseminated to the public or competitors.

4. Any party may designate any material produced by that party in this action as "Confidential" or "Attorneys Eyes Only" where he, she, or it believes in

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

good faith that such material qualifies for that designation as defined above. Marking or stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the Designating Party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material.

**Access to Confidential Information And Attorneys Eyes Only Material**

5. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

(a) Plaintiff Doug Miner;

(b) Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

(c) Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

(d) Mediators used to try to resolve the action;

(e) Any other person with the prior written consent of the designating party.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6. Attorneys Eyes Only Material produced or received in this action subject to this protective order shall not be disclosed, revealed or disseminated by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also review Attorneys Eyes Only Material:

(a) Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

(b) Any person who was involved in the preparation of the document, materials or the discovery responses containing Attorneys Eyes Only Material, as well as any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof.

(c) Mediators used to try to resolve the action;

(d) Any other person with the prior written consent of the designating party.

7. Any person who falls within a category identified in Paragraph 5(a)-(e) shall not be provided with any Confidential Information, unless, prior to such provision, he/she is provided with a copy of this protective order and agrees to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A. Any person who falls within a category identified in Paragraph 6(a)-(d) shall not be provided with any Attorneys Eyes Only Material, unless, prior to such provision, he/she is provided with a copy of this protective order and agrees to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment B.

8. The parties shall retain copies of any executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending. No more than thirty (30) calendar days after the end of litigation in the action, the party who received the Confidential Information and/or Attorneys Eyes Only Material shall provide copies of all executed non-disclosure agreements to the party who produced the Confidential Information and/or Attorneys Eyes Only Material.

9. The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

**Use Of Confidential Information And Attorneys Eyes Only Material**

10. Either party shall use Confidential Information and Attorneys Eyes Only Material solely and exclusively for preparing for, prosecuting, and/or defending this case, including any claims on behalf of the named Plaintiff and any putative class members pending the completion of the judicial process, including appeal. Absent further order of the Court, Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

11. Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

12. Testimony taken at a deposition that involves Confidential Information or Attorneys Eyes Only Material must be designated as "Confidential" or "Attorneys Eyes Only Material" by making a statement to that effect on the record at the deposition, identifying the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material. Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential and/or Attorneys Eyes Only Material to bind separately such portions of the deposition transcript, and/or to label such portions appropriately. To the extent any party wishes the Court to consider any portions of the deposition transcript and/or video or audio versions of the depositions that contain Confidential Information or Attorneys Eyes Only Material, or references thereto, the parties shall proceed in accordance with Local Rule 79-5.2.2.

13. A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

14. Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.   Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

## No Waiver And Challenges to Designation

15. Whether or not any evidence or testimony is, in fact, designated as "Confidential" or "Attorneys Eyes Only" shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality protections, and the failure to make such a designation shall not constitute a waiver of any such protections.

16. By entering into this protective order, the parties do not waive any right to challenge whether any material designated or not designated as Confidential Information or Attorneys Eyes Only Material is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private.

17. To the extent a party wishes to object to the designation of evidence or testimony as Confidential Information or Attorneys Eyes Only Material, the following procedures apply:

   (a) Any party may in good faith object to the designation of any evidence or testimony as Confidential Information or Attorneys Eyes Only Material or to the limitations as to the use and disclosure of such information, by providing written notice of such objections to the Designating Party. The grounds for any objections shall be stated with reasonable particularity.

   (b) The parties shall thereafter attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days after the objection is served, the party challenging the designation may apply to the Court,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

pursuant to applicable rules of court, for an order permitting the use and dissemination of the challenged document(s) outside the conditions set forth herein relating to Confidential and Attorneys Eyes Only Material. The challenged documents shall be treated as confidential until such time as the Court has ruled on the motion.

**Filing Under Seal And Handling At Hearings And Trial**

18. To the extent any party wishes the Court to consider any Confidential Information or Attorneys Eyes Only Material, the parties shall proceed in accordance with Local Rule 79-5.2.2.

19. Should the need arise at a hearing or trial to offer testimony or present evidence designated as Confidential or Attorneys Eyes Only that cannot be addressed through sealing the evidence, the parties shall meet and confer in good faith to reach an agreement prior to offering said testimony or evidence. If they cannot reach an agreement, then, prior to offering the evidence, the Receiving Party will be allowed an opportunity to seek an appropriate court order to determine to what extent the Confidential Information or Attorneys Eyes Only Material may become public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

**Inadvertent Failure To Designate**

20. If, through inadvertence, any party produces or offers as testimony any Confidential Information or Attorneys Eyes Only Material without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice in good faith designating such information as Confidential Information or Attorneys Eyes Only Material.

**Clawback Provisions**

21. The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1 waiver in the event they are inadvertently produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.

22. A party who, through inadvertence or mistake, produces any material or information subject to a legally cognizable privilege or evidentiary protection shall not be held to have waived that privilege or evidentiary protection with respect to either that document or the subject matter of that document if, within fourteen (14) days of discovering the inadvertent disclosure of the protected material, the producing party provides written notice to the receiving party (a) identifying the material or information inadvertently produced, (b) stating the privilege asserted, (c) and requesting its return by the receiving party.

23. Upon written notice of an unintentional production by the producing party, the receiving party must promptly return all hard and soft copies of the specified document(s). Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

24. The receiving party shall have seven (7) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

25. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

the devices on which they are or were stored or accessed or otherwise make them inaccessible. The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party. The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved. Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

26. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the attorney work product doctrine, and no party shall be held to have waived any rights by such inadvertent production provided that they comply with the terms of this protective order for designating the material as privileged and requesting its return.

27. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information. If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

28. The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error provided that they comply with the terms of this protective order for designating the material as privileged and requesting its return.

29. The parties shall meet and confer within fourteen (14) days from the receipt of the receiving party's objection notice in an effort to resolve the dispute by agreement. If an agreement is not reached, the receiving party may file an appropriate motion and, as part of that motion, request that the producing party submit the specified documents to the Court under seal for a determination of the claim and provide the Court with the grounds for the asserted privilege or protection except where such a submission would violate existing law. Any party may request expedited treatment of any request for the Court's determination of the claim.

### **Termination Of Case**

30. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

31. Within thirty (30) business days of the termination or settlement of this action, each party must return Confidential Information or Attorneys Eyes Only Material received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys Eyes Only Material. Where Confidential Information or Attorneys Eyes Only Material has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. Notwithstanding these provisions, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys Eyes Only Material that have become part of the official record of this litigation and may retain abstracts or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

10. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

32. Upon returning to the other side all Confidential Information or Attorneys Eyes Only Material and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys Eyes Only Material Agreement in the form set forth in Attachment C.

## **Miscellaneous Provisions**

33. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

34. This protective order is subject to modification by stipulation of the parties. The Court may modify the terms and conditions of this protective order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to making such modifications.

IT IS SO STIPULATED.

Dated: August 23, 2017

/s/ Alejandro P. Gutierrez
(*e-signature affixed with consent*)
ALEJANDRO P. GUTIERREZ
HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ
A Professional Corporation

Attorneys for Plaintiff
DOUG MINER

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

11.  Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

Dated: August 23, 2017

/s/ Jody A. Landry
JODY A. LANDRY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ECOLAB INC.

CARLOS JIMENEZ, Bar No. 227534
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4223
Facsimile: 213.443-4299
Email: cajimenez@littler.com

JOHN A. YBARRA, *Pro Hac Vice*
jybarra@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312. 372.7880

Attorneys for Defendant
ECOLAB INC.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

12. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

# **ORDER**

Upon review of the parties' Stipulation for Protective Order and upon a finding of good cause, it is hereby ordered that the foregoing Modified Stipulated Protective Order is approved and the parties are ordered to act in compliance therewith.

IT IS SO ORDERED.

Dated: August 31, 2017

/s/
JACQUELINE CHOOLJIAN
U.S. MAGISTRATE JUDGE

# ATTACHMENT A
# CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have reviewed the protective order in this action.

2. I agree that I am one of the following: (a) a named plaintiff to the action; (b) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (c) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (d) a mediator used to try to resolve the action; or (e) a person who the parties to the action have agreed in writing may receive Confidential Information.

3. I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____     Print Name: _____

　　　　　　　　　　　　　　Sign Name: _____

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

14.     Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

# ATTACHMENT B
# CONFIDENTIAL INFORMATION AND ATTORNEYS EYES ONLY MATERIAL
# NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have reviewed the protective order in this action.

2. I agree that I am one of the following: (a) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (b) a person who was involved in the preparation of the document, materials or the discovery responses containing Attorneys Eyes Only Material or a person indicated on the face of the document to be its originator, author or a recipient of a copy thereof; (c) a mediator used to try to resolve the action; or (d) a person who the parties to the action have agreed in writing may receive Confidential Information and/or Attorneys Eyes Only Material.

3. I agree not to disclose any Confidential Information and/or Attorneys Eyes Only Material to any third person and further agree that my use of any Confidential Information and/or Attorneys Eyes Only Material shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information and/or Attorneys Eyes Only Material which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Attorneys Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____    Print Name: _____

Sign Name: _____

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

15. Stipulated Protective Order
(Case No. 2:17-cv-02313 FMO-JC)

# ATTACHMENT C
# CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL INFORMATION AND/OR ATTORNEYS EYES ONLY MATERIAL

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information and/or Attorneys Eyes Only Material within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information or Attorneys Eyes Only Material was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____     Print Name: _____

                            Sign Name: _____

Firmwide:149564695.1 057118.1194

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

16.    Stipulated Protective Order
       (Case No. 2:17-cv-02313 FMO-JC)