**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUG MINER, an individual, on behalf of himself and other persons similarly situated, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ECOLAB, INC., a Delaware corporation, <br><br> Defendant-Appellant. | No.   17-56183 <br><br> D.C. No. 2:17-cv-02313-FMO-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Ecolab, Inc. appeals from the district court's order denying its motion to compel arbitration of federal and state wage-and-hour claims brought by an employee in a putative class and collective action. We have jurisdiction under 9 U.S.C. § 16. We review de novo the district court's denial of arbitration. *Poublon*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017).  We vacate and remand.

The district court denied Ecolab's motion to compel arbitration on the ground that the parties' arbitration agreement contained a class and collective action waiver, making the agreement to arbitrate unenforceable under *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016).  After the district court entered its order, the Supreme Court overruled *Morris*, and held that such agreements do not violate the National Labor Relations Act and must be enforced as written under the Federal Arbitration Act.  *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).

We vacate the district court's order denying Ecolab's motion to compel arbitration and remand for further proceedings in light of *Epic Systems Corporation*.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**