Alejandro P. Gutierrez, SBN 107688
agutierrez@hathawaylawfirm.com
**HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ, APC**
5450 Telegraph Road, Suite 200
Ventura, CA  93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296

*Continued on next page...*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG MINER, an individual, on behalf of himself and other persons similarly situated; DOES 1 through 10,000,<br><br>      Plaintiff,<br><br>   vs.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>      Defendants. | CASE NO:   2:17-cv-02313-FMO-JC<br><br>CLASS ACTION<br><br>SECOND AMENDED COMPLAINT FOR:<br><br>1. Violation of Minimum, Overtime, and Double Time Wages under California Law;<br>2. Violations of the Federal Fair Labor Standards Act;<br>3. Violation of California Labor Code Section 226;<br>4. Violation of California Business and Professions Code Section 17200;<br>5. Failure to Timely Pay Regular and Final Wages;<br>6. Failure to Maintain Accurate Records;<br>7. Failure to Provide Legally Compliant Meal Periods and Rest Breaks;<br>8. Failure to Pay Reporting Time Wages;<br>9. Failure to Pay Split Shift Wages; Failure to Reimburse Business Expenses; and<br>10. Civil Penalties Under the Labor Code Private Attorney's General Act [PAGA]<br><br>DEMAND FOR JURY TRIAL |

*Continued…*

Daniel J. Palay, SBN 159348
djp@calemploymentcounsel.com
Brian D. Hefelfinger, SBN 253054
bdh@calemploymentcounsel.com
**PALAY HEFELFINGER, APC**
1746 S. Victoria Avenue, Suite 230
Ventura, CA 93003Tel: (805) 628-8220; Fax: (805) 765-8600

Michael A. Strauss, SBN 246718
mike@strausslawyers.com
Aris E. Karakalos, SBN 240802
aris@strausslawyers.com
**STRAUSS & STRAUSS, APC**
226 W. Ojai Ave, #101-325
Ojai, CA 93023Tel: (805) 641-6600; Fax: (805) 641-6607

*Attorneys for Plaintiff and Putative Class*

**SECOND AMENDED COMPLAINT**

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFF DOUG MINER, and Does 1 through 10,000 (collectively "Plaintiffs") and submit the following Second Amended Complaint against ECOLAB INC. and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them, as follows:

<b><u>PARTIES</u></b>

1.    Plaintiff Doug Miner is a natural person who is a resident of San Diego County, California.  Plaintiff worked for Ecolab Inc. from approximately October 1987 to approximately April 2018.  Plaintiff was at all times relevant to this complaint an "employee" of Defendant, as that term is defined under the FLSA and California state law.

2.  Defendant Ecolab Inc. is an international sanitation company headquartered in St. Paul, Minnesota, with offices in the State of California, including in this judicial district.  Defendant is in the business of providing, among other things, sanitation and pest control service and supplies, commercial kitchen equipment and appliance maintenance, repair and products, and food safety services to restaurants, hospitals, food and beverage plants, laundries, schools, and retail and commercial properties.   Ecolab had estimated sales of over $14 billion globally in 2014 and more than 47,000 employees as of August, 2016.

3.    Defendant is, and at times relevant to this complaint was an "employer" under the FLSA and applicable California state law, and relevant Wage Orders of the Industrial Welfare Commission.

<b>JURISDICTION AND VENUE</b>

4.    This Court has personal and subject matter jurisdiction over all causes of action asserted herein.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts causes of action arising under federal law.  This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.  In

addition, this Court has jurisdiction over the subject matter of the action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. sections 1332(d), 1453, and 1711 through 1715.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c), because Defendants transacted significant business within this district and therefore are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims alleged occurred in this district. Further, venue is proper in this District as this case is related to the *Ladore v. Ecolab Inc.* case previously litigated in this District, pursuant to which litigation Ecolab agreed it would change and implement a compensation plan that would treat Ecolab's pest control workers as non-exempt overtime eligible employees under California law. Such compensation plan was used not only for the class of pest workers, but also a variety of other non-exempt positions at Ecolab Inc. Whether this compensation plan is lawful under state and federal law is one of the subjects of this lawsuit.

7. Plaintiffs are ignorant of the true names and capacities of Defendants Does 1 through 100, inclusive, and by reason thereof sue said Defendants by their fictitious names. Plaintiffs will ask leave of Court to amend this complaint to allege the true names and capacity of said DOE Defendants when the same have been fully and finally ascertained.

8. This action is brought pursuant to the Ninth Circuit holding in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), rev'd sub nom. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and vacated, 894 F.3d 1093 (9th Cir. 2018), holding that a class action waiver violates the NLRA and "cannot be enforced." The Ninth Circuit in rendering its opinion, noted that "The Board has concluded that an employer violates the NLRA 'when it requires employees covered by the Act, as a condition of their employment, to sign an agreement that precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against the employer in any forum, arbitral or judicial.'" *Id.* at 980 . Accordingly, in this case to the

4

SECOND AMENDED COMPLAINT

1    extent any putative class member may have signed any purported agreement waiving his

2    or her right to file a class action relating to wages, it is unenforceable.

3                              **GENERAL ALLEGATIONS**

4           9.     At all relevant times herein, Plaintiff and those similarly situated were

5    current and former employees of Ecolab who are/were non-exempt; who have worked in

6    California for Ecolab during the last four years, who have not received full and correct

7    pay for all hours worked, including those who were paid pursuant to a compensation

8    structure that provided for an overtime rate that decreased as the worker's hours

9    increased, and have not received accurate itemized wage statements required pursuant to

10   Labor Code section 226; and all current and former employees of Ecolab working

11   anywhere in the United States, who are/were non-exempt; and who have worked

12   nationwide for Ecolab during the past three years, who have not received full and correct

13   pay for all hours worked, including those who were paid pursuant to a compensation

14   structure that provided for an overtime rate that decreased as the worker's hours

15   increased.  Plaintiffs and those similarly situated were also subject to the same policies

16   and practices as to timely pay, meal and rest breaks, reporting time, split-shifts,

17   recordkeeping, and business expenses, which triggered additional violations of the

18   California Labor Code and Unfair Competition Law.  The class definition(s) are set forth

19   more fully below.

20          10.    Plaintiff Doug Miner was a class member in a wage-and-hour

21   misclassification case litigated in this District entitled *Ladore v. Ecolab Inc.,* USDC Case

22   No. CV11-9386 GAF (FMOx) involving a class of Ecolab Service Specialists.  In April

23   2012, the *Ladore* court certified a class of "All current and former Senior Pest Elimination

24   Service Specialists and Pest Elimination Service Specialists employed by Defendant

25   Ecolab, Inc. in California from October 7, 2007 to the present."  (ECF 2:11-cv-09386-

26   GAF-FMO, Doc. 30, pg. 4).  In so doing, the court concluded that the so-called "haz/mat

27   exemption" was inapplicable to the case.  (*Id.* at pg. 18).  The *Ladore* case followed a

28   previous state court class action, *Roe v. Ecolab Inc.,* in which the same class was certified.

(*Id.* at pg. 4).  The *Roe* case was ultimately resolved through a mediated settlement, with the settlement amount based on a formula applied to the factual findings of an arbitrator. (*Id.*).  On January 22, 2013, the *Ladore* court issued an order relating to the parties' cross-motions for summary judgment finding that class members were non-exempt employees. (ECF 2:11-cv-09386-GAF-FMO, Doc. 65, pg. 13).  On February 22, 2014, the parties attended a mediation before Carl J. West, a retired judge of the Los Angeles Superior Court and after lengthy negotiations reached a settlement.  (ECF 2:11-cv-09386-FMO-JC, Doc. 96-1, pgs. 8 – 9).  One of the terms of the settlement was that by no later than June 30, 2013, Ecolab would adopt and implement a new compensation model for its Pest Elimination Service Specialists, Senior Pest Elimination Service Specialists and Select Segment Specialists that treats them as non-exempt overtime eligible employees under California law.  (*Id.*, pg. 10).  On November 12, 2013, the *Ladore* court finally approved the parties' class action settlement requiring Ecolab not only to pay approximately 400 class members from the settlement fund, but to re-classify them as non-exempt for purposes of overtime compensation.  (ECF 2:11-cv-09386-FMO-JC, Doc. 112, pg. 2).

11.    On or about May 13, 2013, Ecolab did change its compensation plan as to its Service Specialists in California.  Further, upon information and belief, Plaintiff alleges that Ecolab changed its compensation plan as to its Service Specialists nationwide in approximately October of 2016.

12.    Upon information and belief, Plaintiffs allege that other non-exempt Ecolab employees in California and nationwide working in other divisions of Ecolab are also subject to compensation plans that provide for an overtime rate that decreases as the worker's hours increase and as a result, have not received full and correct pay for all hours worked.  Upon information and belief, in some instances, Ecolab's compensation plan results in an overall decrease in pay the more hours that are worked.

//

//

//

### THE PAYROLL SCHEME TO AVOID OVERTIME COMPENSATION

13.   Plaintiffs allege that when Ecolab – after this District's rulings in *Ladore v. Ecolab* – could no longer avoid paying overtime wages by misclassifying its Service Specialists, it simply switched to using an illegal compensation plan to greatly reduce – or avoid altogether – paying overtime wages. Plaintiffs allege that the change to Ecolab's compensation plan was merely an artifice to give the appearance of compliance with the overtime requirements of state and federal law.

14.   Under Ecolab's "2013 Incentive Compensation Plan," which Plaintiff alleges is the current compensation plan for Ecolab's Service Specialists, Service Specialists' compensation begins with a "base rate" then adds a "variable rate" to calculate a purported "applicable hourly rate."  The variable rate is derived by taking the revenue generated by the employee on his route (based on invoices he generates), divided by the total hours worked (both revenue-generating hours and non-revenue generating hours [i.e. hours spent at company-mandated meetings, hours accounted for on vacation days, weekend-shift hours, hours spent on mandated conference calls]), to determine the "revenue/hour achieved."  It is important to note that Ecolab had the power to, and regularly did, assign non-revenue generating hours to employees, which necessarily resulted in a lower "variable rate" for said employee, all else being equal.  Then the "revenue/hour" is compared to the route's "Target Revenue/Hour" yielding a percentage of target achieved.  The "Variable Rate" is based on the percentage of target achieved pursuant to a payout schedule created by Ecolab.  Under this scheme, if an employee's route hypothetically made $4,000 in revenue for 42 hours worked, his "revenue/hour" would be $95.25.  Thus, if an employee's "Target Revenue per Hour" as unilaterally determined by Ecolab was $90, the $95.25 "revenue/hour" would be divided by the "Target Revenue per Hour" of $90.00, resulting in 102.7% of the target achieved.  Thus, if the example employee's "Target Variable Rate" assigned by Ecolab was $7.00, the employee would receive 2.7% over $7 as the variable rate for the pay period, or $7.0189. If the employee's base rate was $10.50, the regular rate (after adding the $7 plus variable

rate) would be about $17.52. In this example, overtime hours would be paid at 1.5 times $17.52. Using the same hypothetical, if the total hours worked were 55, the revenue/hour would drop to $72.72. That figure divided by a "Target Revenue per Hour" of $90 results in 80.8% of the target achieved. In that case, the variable rate would drop from the $7 "Target Variable Rate" to $5.64. The regular rate would then be $16.15 and the overtime rate would correspond to this lower rate. Aside from being unlawful under FLSA standards and California labor law, the above compensation plan had the effect of incentivizing Ecolab's employees to under-report actual hours worked in order to maintain a higher "variable rate" for any given pay period.

15.    Plaintiff alleges that during the relevant time period, he and other non-exempt Ecolab employees regularly worked more than eight (8) hours a workday and forty (40) hours a work week. Under Ecolab's compensation scheme, the more hours they worked, the less their overtime rate was, and in some cases, depending on the hours they worked (including mandatory weekend duty) the overtime rate was drastically reduced.

16.    Plaintiffs allege that Ecolab's nationwide compensation scheme for its Pest Elimination Division that was implemented in 2016 is the same as the California compensation plan described herein.

17.    Plaintiffs allege that other non-exempt Ecolab employees [i.e. not Service Specialists] employed in California and nationwide are/were also subject to compensation schemes pursuant to which employees were not properly compensated for all regular and overtime hours worked.

18.    Plaintiffs allege that Ecolab's state and nationwide compensation plans do not comply with state and federal law.

19.    Plaintiffs allege that due to the unlawful compensation plans, Defendants failed to pay Plaintiffs all legal overtime wages due under state and federal law, including at the time of any termination of employment.

//

SECOND AMENDED COMPLAINT

20.    Plaintiffs allege that due to the failure to properly compensate employees for all hours worked, Defendants did not provide Plaintiffs with accurate wage statements under California law.

21.    Plaintiffs allege that due to the compensation plans that provide an overtime rate that decreases as the worker's hours increase, Defendants violated California's unfair competition laws.

22.    Plaintiffs allege that they and other Service Specialists employed in California were also subject to various policies and practices that resulted in violations of their rights to timely pay, legally compliant meal periods and rest breaks, reporting time pay, split-shift pay, accurate record-keeping, and reimbursement for necessary business expenses, which also triggered additional derivative violations of the California Labor Code and Unfair Competition Law.

### HISTORICAL POLICY OF OVERTIME LAWS

23.    Under state and federal law, overtime compensation is based on an employees' "regular rate." (*See Labor Code* § 510, Subd. (a); 29 U.S.C. § 207(1), (2).). In California, "eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (*Labor Code* § 510).

24.    The FLSA requires "employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." (29 U.S.C. § 207(a)).

25.    To calculate the "regular rate" of pay under California law, all remuneration received by an employee in a workweek in which overtime is not worked is included in the calculation. (29 U.S.C. § 207(e).[1]    An artificial "regular rate" of pay may not be used for the purposes of calculating overtime. (29 C.F.R. § 778.500).

---

[1] The California Division of Labor Standards Enforcement adheres to federal standards with respect to the calculation of the "regular rate" of pay, and thus, federal regulations have been held "useful guidance" in applying California overtime law. *Huntington Mem'l Hosp. v. Superior Court,* 131 Cal.App.4th 893, 902 (2005).

26.    29 C.F.R. § 778.316 states in part that:

[T]he parties cannot lawfully agree that the rate" that is "applicable to a particular type of work" "shall be lower merely because the work is performed during the statutory overtime hours, or during a week in which statutory overtime is worked.

26.    29 C.F.R. § 778.327 states in part:

[W]here different rates are paid from week to week for the same work and where the difference is justified by no factor other than the number of hours worked by the individual employee – the longer he works the lower the rate – the devise is *evasive* and the *rate actually paid* in the shorter or *nonovertime* [period] is his *regular rate* for overtime purposes in all weeks. (Emphasis added).

*See also Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) ["regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek"].).

27.    The scheme of varying the rate of pay, which decreases as the length of the workweek increases, is expressly held as invalid under federal regulation. (See 29 C.F.R. §§ 778.321 through 778.329.

28.    29 C.F.R. § 778.500 provides in part:

(a) Since the term regular rate is defined to include all remuneration for employment (except statutory exclusions) whether derived from hourly rates, piece rates, production bonuses or other sources, the overtime provisions of the act cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. The established hourly rate is the "regular rate" to an employee only if the hourly earnings are the sole source of their compensation. Payment for overtime on the basis of an artificial "regular" rate will not result in compliance with the overtime provisions of the Act.

(b) It may be helpful to describe a few schemes that have been attempted and to indicate the pitfalls inherent in the adoption of such schemes. The

device of the varying rate which decreases as the length of the workweek increases has already been discussed in §§ 778.321 through 778.329. It might be well, however, to re-emphasize that . . . the hourly rate [cannot]vary from week to week inversely with the length of the workweek.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action on his own behalf, and behalf of all persons similarly situated. The class represents and consists of all current and former employees of Ecolab who are/were non-exempt; who have worked in California for Ecolab during the last four years, who were paid pursuant to a compensation structure that provided for an overtime rate that decreased as the worker's hours increased and as a result, have not received full and correct pay for all hours worked, and have not received accurate itemized wage statements required pursuant to Labor Code section 226 (the "California class") and who have experienced various other wage and hour violations.

30.    There is a well-defined community of interest in the questions about law and fact affecting the classes Plaintiff represents.  The class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants and each was not paid wages owed based on the same compensation scheme whereby the overtime rate decreased as the worker's hours increased and as a result, have not received full and correct pay for all hours worked and was subject to various other wage and hour policies that resulted in violations of their rights under California law.  These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this complaint.  The California class represents in excess of 375 individuals.

31.    Plaintiffs have no plain, speedy, or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on information and belief allege, that the damage to each member of the class is relatively small and that it would be economically feasible to seek recovery against Defendants other than by a class action.

SECOND AMENDED COMPLAINT

32.    Plaintiff Doug Miner will fairly and adequately represent the interest of the class, because Plaintiff is a member of the class and Plaintiffs' claims are typical of those in the class.

33.    Plaintiff's counsel will fairly and adequately represent the interest of the class, as they are experienced wage-and-hour litigators who have been appointed as Class Counsel in numerous class action employment cases, including several successful cases against Ecolab Inc.

## COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiff Miner brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are as follows:

a.  **FLSA Collective**:  All current and former employees of Ecolab who are/were non-exempt, who have worked nationwide for Ecolab at any time between March 24, 2014 and the trial of this action (the "Collective Period"), who were paid pursuant to a compensation structure that provided for an overtime rate that decreased as the worker's hours increased and, as a result, have not received full and correct pay for all hours worked.

35.    Upon information and belief, Defendants knew that Plaintiff Miner and the FLSA Collective performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.  Specifically, Defendants compensated Plaintiff Miner and the FLSA Collective using a compensation structure that provided for an overtime rate that decreased as the workers' hours increased.

36.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff Miner and the FLSA Collective, and as such, notice should be sent to the Collective.  There are numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.

Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

37.    The FLSA Collective represents over 3,000 individuals.

## FIRST CAUSE OF ACTION

**(Failure to Pay Minimum, Overtime, and Doubletime Wages Against Defendants Ecolab Inc. and Does 1 through 100)**

38.    Plaintiff refers to paragraphs 1 through 37 and incorporates the same by reference as though fully set forth herein.

39.    Plaintiffs in the California class are employees who have been working for Defendants in California within four years of the date of filing this Complaint. Plaintiffs and the class work/ed as non-exempt employees for Defendants without proper compensation for all regular, overtime and doubletime hours worked.

40.    Plaintiffs and all members of the California class regularly worked over eight (8) hours in one workday and forty (40) hours in one workweek for which they were not paid the correct hourly wage. It is alleged that Defendants intentionally denied the California class wages which should have been paid and violated California Labor Code sections 510 and 1197 and applicable IWC wage orders by failing to pay wages as allowed by law.

41.    Plaintiff and members of the California class have been available and ready to receive wages owed to them, including minimum and overtime wages.

42.    Defendants' failure to pay Plaintiff's and the California class members' wages due and owing Plaintiffs, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiffs.

43.    Pursuant to Labor Code Sections 218.5 and 1194, Plaintiffs request the Court to award Plaintiff's reasonable attorneys' fees and costs incurred in this action. Plaintiffs also request all unpaid wages, waiting time penalties and interest.

//

//

SECOND AMENDED COMPLAINT

1

2

3

**SECOND CAUSE OF ACTION**

**(FLSA Violations, 29 U.S.C. §§201 et seq. Against**

**Defendants Ecolab Inc. and Does 1 through 100)**

4

5

44.    Plaintiff refers to paragraphs 1 through 43 and incorporates the same by reference as though fully set forth herein.

6

7

8

9

45.    The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

10

11

12

13

14

46.    Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C.  § 203. At all relevant times, Plaintiff Miner and each member of the FLSA Collective worked for Defendants.

15

16

17

47.    Plaintiff Miner consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

18

19

20

21

22

48.    Section 7(a)(1) of the FLSA, 29 U.S.C. 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) in a workweek.  Defendants violated the FLSA by refusing to pay the FLSA Collective minimum wage and overtime as required by law.

23

24

25

49.    Throughout the statute of limitations period covered by these claims, Plaintiff and members of the FLSA class regularly worked in excess of forty (40) hours per workweek and continue to do so.

26

27

28

50.    At all relevant times, Defendants have operated under and continue to operate under a compensation structure that provided for an overtime rate that decreased as the employee's hours increased and, as a result, Defendants do/did not pay Plaintiffs

**SECOND AMENDED COMPLAINT**

properly, including with respect to overtime rates for work in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§ 201 et seq.

51.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Collective are entitled to damages equal to the amount of unpaid wages within the three years preceding the filing of this complaint, plus periods of equitable tolling.  As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff Miner and similarly situated persons for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

52.    Plaintiff Miner, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid compensation owed to him and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

53.    The employment and work records for the Plaintiff and the FLSA Collective, such that they do exist, are in the exclusive possession, custody, and control of Defendants, and Plaintiff Miner is unable to state at this time the exact amount owing to him and the FLSA Collective.  Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff Miner's payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

54.    Plaintiff Miner, on behalf of himself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

//

//

//

//

**THIRD CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements in Violation**

**Of Labor Code § 226 Against Ecolab Inc. and Does 1 through 100)**

55.    Plaintiff refers to paragraphs 1 through 54 and incorporates the same by reference as though fully set forth herein.

56.    At all times relevant hereto, California Labor Code § 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing, among other things, the gross wages earned and total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 of any applicable order of the Industrial Welfare Commission.

57.    Plaintiff alleges that he and members of the California class are employees who are not exempt from payment of overtime under California law.

58.    Labor Code § 226, including subsection (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia,* the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

59.    Plaintiffs allege that within a year prior to filing of the complaint, as a pattern and practice, in violation of Labor Code § 226(a), Defendants have knowingly and intentionally failed to provide Plaintiffs and the California class with accurate itemized wage statements in writing showing all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual, including overtime worked.

60.    As a proximate result of Defendants' failure to provide accurate itemized wage statements, Plaintiff and members of the California class have suffered actual

damages and harm by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which prevented them from becoming aware of these violations and asserting of their statutory protections under California law.

61.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the California class are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

## FOURTH CAUSE OF ACTION

### (Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 Against Defendants Ecolab Inc. and Does 1 through 100)

62.     Plaintiff refers to the paragraphs 1 through 61 and incorporates the same by reference as though fully set forth herein.

63.     This cause of action is being brought pursuant to Business and Professions Code Section 17200 et seq. and California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

64.     It is alleged that Defendants have, *inter alia*, willfully failed to pay employees wages owed.  Defendants' failure to pay both current employees and past employees their wages, which are owed under California and Federal wage and hour laws pursuant to *Aguilar v. Association for Retarded Citizens* (1991) 234 Cal.App.3d 21, constitutes an unfair business practice under California Business and Professions Code section 17200 et seq. and pursuant to California case law, including *Harris v. Investor's Business Daily, Inc.* (2006) 138 Cal.App.4th 28.

65.     As a result of the conduct of Ecolab Inc. and Does 1 through 100, Defendants profited from breaking the law.  Plaintiffs seek disgorgement of this unlawfully obtained benefit.

66.     California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

67.    As a result of the alleged aforesaid actions, Plaintiffs have suffered injury in fact and have lost money as a result of such unfair competition.

68.    In this case, it is requested that this Court order such restitution.

### FIFTH CAUSE OF ACTION

*Failure to Timely Pay Regular and Final Wages*

**(Action Brought by Plaintiff Against All Defendants)**

69.    Plaintiff refers to the paragraphs 1 through 68 and incorporates the same by reference as though fully set forth herein.

70.    Labor Code § 204 provides, in relevant part, "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

71.    Labor Code § 201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code § 201(a). Labor Code §202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which

case the employee is entitled to his or her wages at the time of quitting." Lab. Code § 202(a).

72.     Defendants did not pay immediately all wages earned, including upon their discharge or resignation. Defendants have refused and continue to refuse to pay said wages.  Furthermore, Defendants did not timely pay all wages due in accordance with the requirements of Labor Code § 204.

73.     Pursuant to California Labor Code section 203, it is alleged that Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202, all of the wages of the Plaintiffs.  Defendants are aware that they owe the wages claimed, yet they have willfully failed to make payment.  As a result, Plaintiffs seek wages and penalties pursuant to Labor Code sections 203 and 210.

## SIXTH CAUSE OF ACTION

### *Failure to Maintain Accurate Records*

### (Action Brought by Plaintiff Against All Defendants)

74.     Plaintiff refers to paragraphs 1 through 73 and incorporate the same by reference as though fully set forth herein.

75.     Labor Code section 1174 requires employers to keep accurate records, including payroll records.  Labor Code section 1174.5 provides that "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 , or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174 , shall be subject to a civil penalty of five hundred dollars ($500)."

76.     It is alleged that Defendants failed to keep accurate records.  As a result, Plaintiffs seek damages, including pursuant to Labor Code section 1174.5.

//

//

//

# SEVENTH CAUSE OF ACTION

### *Failure to Provide Legally Compliant Meal Periods and Rest Breaks*

### (Action Brought by Plaintiff Against All Defendants)

77.     Plaintiff refers to paragraphs 1 through 76 and incorporate the same by reference as though fully set forth herein.

78.     California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes. A second meal period is required to be provided after ten hours of work. California law also provides that employers must provide one ten-minute rest break for every four hours worked or major fraction thereof. Lab. Code §§ 226.7, 512, 8 Cal. Code Regs. § 11160, subd. 10.

79.     If an employer fails to provide an employee a legally mandated meal period or rest break, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation. Lab. Code § 226.7.

80.     Defendants have intentionally and improperly denied meal periods and rest breaks to Plaintiffs and the Class in violation of Labor Code sections 226.7 and 512 and 8 Cal. Code Regs. § 11160, subd. 10.

81.     At all times relevant hereto, Plaintiffs worked more than five hours in a workday (and quite often more than ten hours in a workday). At all relevant times, Defendants have failed to provide meal periods for every five-hour work period and rest breaks for every four-hour work period or major fraction thereof as required by California law.

82.     Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiffs were entitled to meal periods and rest breaks but purposely elected to impede or discourage these mandated periods.

//

//

83.     Plaintiffs seek meal period and rest break premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

84.     The exact amount of meal period and rest break premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of meal period and rest break premium wages owed.

85.     Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiffs seek such interest on all meal period premium wages owed to them and to the Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

## EIGHTH CAUSE OF ACTION

### *Failure to Pay Reporting Time Wages*

### (Action Brought by Plaintiff Against All Defendants)

86.     Plaintiff refers to paragraphs 1 through 85 and incorporate the same by reference as though fully set forth herein.

87.     According to IWC Wage Order No. 1 through 15, section 5(A) relates that each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event less than two (2) hours, nor more than four (4) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.  Section 5(B) relates, "If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage."   In

*Ward v. Tilly's*, the Court of Appeal held that, for purposes of triggering reporting time pay obligations to a worker, the "an employee need not necessarily physically appear at the workplace to 'report for work.' Instead, 'report[ing] for work' within the meaning of the wage order is best understood as presenting oneself as ordered." *Ward v. Tilly's, Inc.*, 31 Cal. App. 5th 1167, 1185 (2019).

88.    Thus, in this matter Plaintiff is owed reporting time wages in the circumstances when he was contacted telephonically (or via text/SMS message) to work, generally by customers, or by Ecolab, but was presented with less than two (2) hours of working time or less than one half his usual shift.  Further, during the statutory period, these events did occur, but the Plaintiff was not paid the proper reporting-time payments.

89.    In addition, during all times alleged in this complaint, Ecolab did have a written policy which required payment of reporting time wages.  Despite this fact, Ecolab did not remit payment as required both by its policy, and by California and Federal law.

90.    Plaintiff seeks unpaid reporting-time damages pursuant to both California law and Ecolab's written policy.

91.    Plaintiff seeks all attorney's fees and costs incurred and interest these wages owed.  See Lab. Code §§ 218.5.

92.    Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

93.    Pursuant to Labor Code section 218.5, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.  Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest.

//

//

//

## NINTH CAUSE OF ACTION

### *Failure to Pay Split-Shift Wages*

### (Action Brought by Plaintiff Against All Defendants)

94.   Plaintiff refers to paragraphs 1 through 93 and incorporate the same by reference as though fully set forth herein.

95.   According to IWC Wage Order Nos. 1-15, at section 4(C), "When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment."

96.   During the statutory period set forth above, Plaintiff did work shifts for which he did not receive a split shift premium.  For example, he would arrive home and then be required to report back to work.  This would also occur during weekend duty.

97.   Thus, in this matter Plaintiff is owed split-shift wages in such circumstances.

98.   Plaintiff seeks such split-shift damages pursuant to California law.

99.   Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

100.   Pursuant to Labor Code section 218.5, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.  Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest.

## TENTH CAUSE OF ACTION

### *Failure to Reimburse Business Expenses*

### (Action Brought by Plaintiff Against All Defendants)

101.   Plaintiff refers to paragraphs 1 through 100 and incorporate the same by reference as though fully set forth herein.

//

102.   California Labor Code § 2802 provides that California employees must be reimbursed of their employment-related business expenses.

103.   California Labor Code § 2802, states in pertinent part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

104.   Defendants violated § 2802 by requiring Plaintiffs to incur costs and other expenses related to the performance of their job duties.  By this and similar acts, the Defendants have violated § 2802.

105.   Plaintiffs incurred such reasonable and necessary business expenses in order to perform their jobs, and for the benefit of Defendants, but were not fully reimbursed. Plaintiffs have sustained damages and losses in the amount of the expenses incurred by Plaintiffs as required by Defendants for the necessary discharge of their duties.

106.   California Labor Code § 2802(2) provides that employees may recover all reasonable costs, including attorneys' fees, for enforcing their rights under this section. Plaintiffs have incurred costs and attorneys' fees and will continue to incur costs and attorneys' fees to enforce their rights under § 2802. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

**(Action Brought By Plaintiff, As Private Attorneys General, For Civil Penalties**

**Under The Private Attorneys General Act Of 2004**

**Against ECOLAB, INC. And DOES 1 Through 100)**

107.   Plaintiff hereby re-alleges and incorporates by reference the allegations set forth at paragraphs 1 through 106 as though fully set forth herein.

108.   This First Amended Complaint is authorized as a matter of substantive law under California Labor Code section 2699.3(a)(2)(C), which provides: "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend

an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

109.   Plaintiff brings this cause of action against Defendants and Does 1 through 100 (hereinafter referred to collectively as "Defendants") in his capacity as a private attorney general (i.e. as proxies or agents of the State of California) to recover civil penalties under the Private Attorneys General Act of 2004, codified in Labor Code section 2699 et seq. (herein "PAGA"), for Defendants' violations of the Labor Code enumerated herein.

110.   Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto he was an "aggrieved employee" of Defendants, as that phrase is statutorily defined pursuant to Labor Code section 2699(c); in particular, Plaintiff was a person employed by the alleged violators (i.e., Defendants), and against whom one or more of the alleged violations was committed.

111.   Plaintiff has complied with all procedural requirements of the PAGA.  In particular, on March 23, 2017, Plaintiff gave written notice by certified mail, and via web portal, to the California Labor and Workforce Development Agency and Defendants of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations (the "Notice").

112.   A true and correct copy of Plaintiffs' Notice to the California Labor and Workforce Development Agency and Defendants is attached hereto as Exhibit "A".

113.   Plaintiff is informed, believes, and thereon alleges that he is statutorily authorized to commence a civil action against Defendants pursuant to the PAGA, including but not limited to Labor Code sections 201, 202, 203, 204, 219, 510, 512, 558, 1174, 1194, 1198, 2699.3, 2699.5, and 2802 as the California Labor and Workforce Development has failed to notify him that it intends to investigate the alleged violation within sixty (65) calendar days of the postmark date of their receipt of the Notice and at least sixty five (65) calendar days have elapsed from the postmark date of the Notice with

**SECOND AMENDED COMPLAINT**

1  the California Labor and Workforce Development having not provided notification of

2  any intention to investigate the alleged violations.

3    114.  Labor Code section 201 requires immediate payment of all wages owed at

4  the termination of employment.  It is alleged that within the last year of the filing of the

5  Complaint, Class Members have been terminated and have not received all wages owed

6  at their termination.  Plaintiff seeks civil penalties on behalf of himself and all others

7  similarly situated under Labor Code section 2699, subd. (f) or any other statute that

8  provides for civil penalties for such violations of law.

9    115.  Labor Code section 202 requires payment of all wages owed within 72 hours

10 of the resignation of an employee, unless the employee gives more than 72-hours' notice,

11 in which case wages are owed at the employee's resignation.  It is alleged that within the

12 last year of the filing of the Complaint, Class Members have resigned and have not

13 received all pay owed in a timely fashion after their resignation.  Plaintiff seeks civil

14 penalties on behalf of himself and all others similarly situated under Labor Code section

15 2699, subd. (f) or any other statute that provides for civil penalties for such violations of

16 law.

17   116.  Labor Code section 510 requires employers to pay nonexempt workers

18 overtime premium wages when they work more than eight hours in one day or over forty

19 hours in one week, and for the first eight hours worked on the seventh straight day of

20 work in a single workweek. This statute also requires employers to pay nonexempt

21 workers doubletime premium wages when they work more than 12 hours in one workday

22 and for all hours worked in excess of eight on the seventh straight day of work in one

23 workweek.

24   117.  In this matter, it is alleged that Ecolab and Does 1 through 50 intentionally

25 denied the Putative Class wages that should have been paid and violated California Labor

26 Code section 510 and applicable IWC wage orders. Specifically, California law requires

27 that the payment of a non-discretionary bonus must be included in the calculation of the

28 overtime hourly rate. This did not occur. Moreover, as alleged above herein, Defendants

**SECOND AMENDED COMPLAINT**

failed to pay proper reporting time wages and split-shift wages, as required by California law. Defendants have, as a result, violated the aforementioned Labor Code sections by not paying all wages owed, including overtime and/or doubletime wages to Plaintiff and his fellow hourly employees in California from March 15, 2013 to the present.

118.   IWC Wage Order 7-2001 section 3(A) mirrors the overtime and doubletime requirements of Labor Code section 510. Defendants violated Wage Order 7-2001 by not paying overtime or doubletime wages to the Putative Class at the correct hourly rates.

119.   Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is believed that within the last year, Defendants' hourly employees in California have been terminated and have not received their overtime or doubletime wages owed at their termination.

120.   Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72 hours' notice, in which case wages are owed at the employee's resignation. It is alleged that Defendants' hourly employees in California have resigned and have not received their overtime or doubletime wages owed in a timely fashion as required by Labor Code section 202.

121.   Labor Code section 204 sets timetables for when wages are due each pay period. In effect, most wages earned during a pay period must be paid at the conclusion of that pay period, or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period). Here, overtime and regular wages were owed each pay period, and yet Defendants did not timely pay employees all earned wages.

122.   Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Defendants have promulgated wage-and-hour and payroll card policies that do not comply with California law, or that Defendants will argue that Plaintiff and Putative Class members agreed to work overtime and/or doubletime hours for no additional compensation, Defendants will have violated Labor Code section 219.

123.   Labor Code section 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable rates of pay. Defendants failed to include necessary information on Plaintiff's paycheck stubs, and it is alleged that the violation of Labor Code section 226, subdivision (a) extends to all other Putative Class members.

124.   Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to receive in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. To the extent that Defendants will argue that the employees agreed to work overtime and/or doubletime hours for no additional compensation, and failed to pay minimum wages to Plaintiff, Defendants will have violated Labor Code section 1194(a).

125.   Labor Code section 203 provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…" As it is alleged that Defendants have violated Labor Code sections 201 and 202, Plaintiff will, on behalf of himself and all other similarly-situated individuals, seek the civil penalties available under Labor Code section 203.

126.   Labor Code section 210 establishes a civil penalty for violations of Labor Code section 204. Every person who fails to pay the wages of each employee as provided in section 204 shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

As it is alleged that Defendants violated Labor Code section 204, Plaintiff will, on behalf of the Putative Class, seek the civil penalties available under Labor Code section 210.

127.   Labor Code section 226.3 provides that any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

128.   It is alleged that Defendants violated Labor Code section 226, subdivision (a), Plaintiff will seek, on behalf of himself and the Putative Class, the civil penalties available under Labor Code section 226.3.

129.   Labor Code section 558 provides for a civil penalty against employers who violate Labor Code section 510. The civil penalty is as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. See also, Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112 (2012).

130.   It is alleged that Defendants violated Labor Code section 510, Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, the civil penalties, including all underpaid wages, available under Labor Code section 558.

131.   Labor Code section 1194.2(a) provides for liquidated damages for payment of a wage less than the minimum wage fixed by an order of the commission or by statute. Section 1194.2(a) entitles the employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiff alleges that Defendants violated section 1194.2(a) by failing to pay minimum wages to the Putative Class.

132.   Labor Code section 1194.3 provides for the recovery of attorney's fees and costs incurred to enforce a court judgment pursuant to unpaid wages pursuant to Labor Code section 1194. Plaintiff alleges that Defendants violated section 1194 by failing to pay minimum wage and overtime, and that Plaintiffs are therefore entitled to recover attorney's fees.

133.   Labor Code section 1197.1 provides for recovery for employees who are paid a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission. For an initial violation that is intentionally committed, the penalty is one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to section 203. For each subsequent violation for the same specific offense, the penalty is two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203 and recovered pursuant to this section shall be paid to the affected employee.

134.   Labor Code section 2699 provides for a civil penalty for the violation of Labor Code sections that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Plaintiffs allege that Defendants have violated the following civil-penalty-less Labor Code sections: 201, 202, 203, 212, 219, 221 and 224.

//

SECOND AMENDED COMPLAINT

135.   IWC Wage Order 7-2001 provides for a civil penalty to be assessed against an employer who violates its provision. Section 20 thereof states, in relevant part: (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

136.   Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, this additional civil penalty against Defendants for their violation of IWC Wage Order 7-2001, section 3(A), as well as any additional violation of said Wage Order. Labor Code section 203 establishes a statutory penalty for willful violations of Labor Code sections 201 or 202.  There has been a willful violation of Labor Code sections 201 and 202 because, in part, Defendants cannot hide behind their ignorance of the California's wage and hour law.  Plaintiff seeks civil penalties on behalf of themselves and all others similarly situated under Labor Code section 256 for Defendants' violation of sections 201, 202, and 203.

137.   Plaintiff also seeks any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint and/or in the Notice.

138.   Plaintiff additionally seeks any and all available injunctive relief and an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1).

//

//

//

//

**SECOND AMENDED COMPLAINT**

139.    Plaintiffs and the Class are informed, believe, and thereon allege that at all times pertinent hereto, Labor Code section 2699(g)(1) provided in pertinent part, "…Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part…."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them in favor of themselves and the classes as follows:

### As to First Cause of Action for Failure to Pay Wages

1.    For certification of a class, a class representative, and class counsel, pursuant to this claim, consistent with the requirements of Fed. R. Civ. P. Rule 23;

2.    For wages owed according to proof;

3.    For prejudgment interest at the statutory rate;

4.    For statutory penalties pursuant to law, including Labor Code § 203;

5.    For reasonable attorneys' fees pursuant to Labor Code sections 218.5 and 1194;

6.    For costs of suit; and

7.    For any other and further relief that the Court considers just and proper.

### As to Second Cause of Action for FLSA Violations

1.    Designation of this action as a collective action on behalf of the Plaintiffs and the class they seek to represent pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b); A declaratory judgment that the practices complained of herein are unlawful under the FLSA 29 U.S.C. §201 et seq.;

2.    For wages owed according to proof;

3.  For liquidated damages as provided by the FLSA;

4.  For prejudgment interest at the statutory rate;

5.  For reasonable attorneys' fees;

6.  For costs of suit; and

7.  For any other and further relief that the Court considers just and proper.

## As to Third Cause of Action for Failure to Provide Accurate Wages Statements

1.  For certification of a class, a class representative, and class counsel, pursuant to this claim, consistent with the requirements of Fed. R. Civ. P. Rule 23;

2.  For an award of fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00);

3.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h);

4.  For injunctive relief pursuant to Labor Code section 226(h) to ensure Defendants' compliance with Labor Code section 226.

5.  For such other and further relief as the Court may deem appropriate.

## As to Fourth Cause of Action for Unfair Competition

1.  For certification of a class, a class representative, and class counsel, pursuant to this claim, consistent with the requirements of Fed. R. Civ. P. Rule 23;

2.  For an equitable order, ordering Defendants to pay all former and current non-exempt class employees all wages, interest, and penalties they are owed;

3.  For an appointment of a receiver to perform an accounting of all monies owed to these employees;

4.  For any and all injunctive relief this Court deems necessary pursuant to California Business and Professions Code section 17203;

5.  For prejudgment interest pursuant to Civil Code sections 3288 and 3291 on all amounts claimed; and

6.  For such other and further relief that the Court deems just and proper.

**As to the Fifth Cause of Action for Timely Regular and Final Pay**

1.  For penalties under § 210 and waiting-time penalties under Labor Code § 203; and

2.  For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein; and

3.  For such other and further relief that the Court considers just and proper.

**As to the Sixth Cause of Action for Failure to Maintain Accurate Records**

1.  For damages in an amount according to proof; and

2.  For such other and further relief that the Court considers just and proper.

**As to the Seventh Cause of Action for Failure to Provide Legally Compliant Meal Periods and Rest Breaks**

1.  For meal period and rest break premiums in an amount according to proof;

2.  For interest pursuant to law on all amounts owed for meal period and rest break premiums; and

3.  For such other and further relief that the Court considers just and proper.

**As to the Eighth Cause of Action for Reporting-Time Wages**

1.  For reporting time wages owed according to proof;

2.  For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.  For attorney's fees and costs;

4.  For costs of suit; and

5.  For any other and further relief that the Court considers just and proper.

**As to the Ninth Cause of Action for Split-Shift Wages**

1.  For split-shift wages owed according to proof;

2.  For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.  For attorney's fees and costs;

**SECOND AMENDED COMPLAINT**

4.  For costs of suit; and

5.  For such other and further relief that the Court considers just and proper.

**As to the Tenth Cause of Action for Failure to Reimburse for Business Expenses**

1.  For damages for unreimbursed expenses pursuant to Labor Code section 2802, in an amount according to proof; and

2.  For such other and further relief that the Court deems just and proper.

**As to Eleventh Cause of Action for Civil Penalties Under PAGA**

1.  For all civil penalties, available under the Labor Code;

2.  For reasonable attorney's fees and costs pursuant to California law, including, but not limited to California Labor Code section 2699(g)(1); and

3.  For such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: February 4. 2021          HATHAWAY, PERRETT, WEBSTER, POWERS,
                                 CHRISMAN & GUTIERREZ, APC

                                 By: /s/_____
                                      ALEJANDRO P. GUTIERREZ
                                      Attorneys for Plaintiffs and the Class

Dated: February 4. 2021          PALAY HEFELFINGER, APC

                                 By: /s/_____
                                      DANIEL J. PALAY
                                      Attorneys for Plaintiffs and the Class

Dated: February 4. 2021          STRAUSS & STRAUSS, APC

                                 By /s/_____
                                      ARIS E. KARAKALOS
                                      Attorneys for Plaintiffs and the Class