

1484 E. Main Street
Suite 105-B
Ventura, California 93001
Phone: (805) 628-8220
Facsimile: (805) 765-8600

Writer's e-mail:
djp@calemploymentcounsel.com

March 23, 2017

Labor and Workforce Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

*VIA CERTIFIED MAIL;
ALSO VIA WEB PORTAL AT:*
https://dir.tfaforms.net/

Mr. Douglas M. Baker Jr., COB and CEO
Ecolab, Inc.
1 Ecolab Place
St. Paul, MN 55102

*VIA CERTIFIED MAIL*

Re: <u>Miner v. Ecolab Inc.</u> – Notice of Labor Code Private Attorneys General Act Claims and Intent to Pursue Civil Action

To Whom It May Concern:

This office, along with the law office**s** of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, APC and Strauss & Strauss represent Doug Miner ("Plaintiff") in his claims for violations of California wage-and-hour statutes and regulations by his former employer, Ecolab, Inc. ("Ecolab"). Mr. Miner intends to file a civil lawsuit on behalf of himself and all other similarly-situated individuals against Ecolab to recover wages and statutory penalties under California statutes and regulations, as well as under the FLSA.

Additionally, our client intends to seek recovery of all available civil penalties for himself and similarly situated California employees under the Private Attorneys General Act ("PAGA"). This correspondence is being sent, pursuant to the provisions of California Labor Code section 2699.3, in order to allow Plaintiff, on behalf of himself and all other similarly-situated individuals, to collect the civil penalties associated with the violations of the following statutes and regulations in his civil lawsuit against Ecolab.

These are the facts as we presently understand them, as matters pertain to Plaintiff and the putative and/or representative class of California workers Plaintiff intends to represent – *i.e.*:

> All current and former employees of Ecolab who are/were non-exempt; who have worked in California for Ecolab during the last four years, who were paid pursuant to a compensation structure

PALAY | HEFELFINGER
APC

March 23, 17
Page 2 of 7

> which provided for an overtime rate that decreased as the worker's hours increased and as a result, have not received full and correct pay for all hours worked, and have not received accurate itemized wages statements required pursuant to Labor Code section 226.

(Herein, the "PAGA Class").

First, Mr. Miner contends that Ecolab has failed to pay Plaintiff and the PAGA Class all wages owed according to California law. This results from a pay structure/compensation plan which results in a reduced overtime rate for excess hours worked. For example, Plaintiff's overtime rate was reduced, the more overtime hours he worked. This is done by having a pay plan which includes a non-discretionary bonus which is reduced by the overtime hours worked by the particular employee. Numerous Courts have held such a policy abrogates the law. See such cases as *Brunozzi v. Cable Communications* (2017) U.S. App. LEXIS 4997; *Huntington v. Memorial Hospital* (2005) 131 Cal.App.4th 893.

Second, as a result of its failure to pay its employees lawfully, Ecolab has not provided these individuals with paycheck stubs that conform to the requirements of Labor Code section 226. Specifically, the correct and lawful hourly and overtime rate are not provided.

Finally, Ecolab has not paid those individuals who have left Ecolab's employment all wages due, as required pursuant to Labor Code sections 201 and 202. Consequently, Ecolab owes them statutory penalties pursuant to Labor Code section 203. Plaintiff believes that there have been more than 300 employees in California who were subjected to the same illegal actions.

Plaintiff will seek wages and statutory penalties against Ecolab for these violations. Penalties sought arise from any and all claims for (i) alleged violations of California Labor Code sections 201, 202, 203, 204, 219, 510, 558, 1194, and 1198, including but not limited to, failure to pay employees all overtime wages due to the miscalculation of the rate of pay; (ii) alleged violations of California Labor Code § 226, including, but not limited to, failure to provide accurate wage statements; (iii) alleged violations of California Labor Code §§ 201-203, including, but not limited to, failure to pay final wages timely, or pay penalties of untimely final wages; (iv); alleged violation of California Business and Professions Code § 17200 *et seq.* based on underlying violations of the California Labor Code as identified herein at (i) through (iv), and (vi) alleged violations of California Labor Code § 2698 *et seq.* based on derivative violations of the Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 204, 219, 226, 510, 558, 1194, 1194.2, 1194.3, 1197.1 and 1198; and IWC Wage Order 5-2001.

March 23, 17
Page 3 of 7

## THE LAW

1. **Statutory and Regulatory Violations**

Labor Code section 510 requires employers to pay nonexempt workers overtime premium wages when they work more than eight hours in one day or over forty hours in one week, and for the first eight hours worked on the seventh straight day of work in a single workweek. This statute also requires employers to pay nonexempt workers doubletime premium wages when they work more than 12 hours in one workday and for all hours worked in excess of eight on the seventh straight day of work in one workweek.

In this matter, it is alleged that Ecolab intentionally denied the PAGA Class wages that should have been paid and violated California *Labor Code* section 510 and applicable IWC wage orders. Specifically, California law requires that the payment of a non-discretionary bonus must be included in the calculation of the overtime hourly rate. This did not occur.

Ecolab has, as a result, violated the aforementioned Labor Code sections by not paying all overtime and/or doubletime wages to Plaintiff and his fellow hourly employees correctly in California.

IWC Wage Order 5-2001 section 3(A) mirrors the overtime and doubletime requirements of Labor Code section 510. Ecolab violated Wage Order 5-2001 by not paying overtime or doubletime wages to the PAGA Class at the correct hourly rates.

Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is believed that within the last year, Ecolab hourly employees in California have been terminated and have not received their overtime or doubletime wages owed at their termination.

Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72 hours' notice, in which case wages are owed at the employee's resignation. It is believed that within the last year, Ecolab hourly employees in California have resigned and have not received their overtime or doubletime wages owed in a timely fashion as required by Labor Code section 202.

Labor Code section 204 sets timetables for when wages are due each pay period. In effect, most wages earned during a pay period must be paid at the conclusion of that pay period or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period). Here, overtime wages were owed each pay period in which individuals worked overtime hours, and yet Ecolab did not timely pay them the earned overtime in the correct amounts.

PALAY ||| HEFELFINGER
APC

March 23, 17
Page 4 of 7

Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Ecolab has promulgated wage-and-hour policies that do not comply with California law, or that Ecolab will argue that Plaintiff and PAGA Class members agreed to work overtime and/or doubletime hours for no additional compensation, Ecolab will have violated Labor Code section 219.

Labor Code section 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable and lawful rates of pay. Ecolab failed to include necessary information on Plaintiff's paycheck stubs by failing to pay the lawful rate of overtime, and it is believed that the violation of Labor Code section 226, subdivision (a) extends to all other PAGA Class members.

Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to receive in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. To the extent that Ecolab will argue that the employees agreed to work overtime and/or doubletime hours for no additional compensation, and failed to pay minimum wages to Plaintiff, Ecolab will have violated Labor Code section 1194(a).

Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful. To the extent the Ecolab made Plaintiffs work beyond the maximum hours of work and standard conditions fixed by the Labor Commission, and failed to remit lawful payment for those hours, Ecolab will have violated Labor Code section 1198.

### 2. Civil Penalties Sought

Labor Code section 203 provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…" As it is alleged that Ecolab has violated Labor Code sections 201 and 202, Plaintiff will, on behalf of himself and all other similarly-situated individuals, seek the civil penalties available under Labor Code section 203.

Labor Code section 210 establishes a civil penalty for violations of Labor Code section 204. Every person who fails to pay the wages of each employee as provided in section 204 shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and
(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

As it is alleged that Ecolab violated Labor Code section 204, Plaintiff will, on behalf of the PAGA Class, seek the civil penalties available under Labor Code section 210.

Labor Code section 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

As it is alleged that Ecolab violated Labor Code section 226, subdivision (a), Plaintiff will seek, on behalf of himself and the PAGA Class, the civil penalties available under Labor Code section 226.3.

Labor Code section 558 provides for a civil penalty against employers who violate Labor Code section 510. The civil penalty is as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. *See also, Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal. App. 4th 1112 (2012).[1]

---

[1] In *Thurman,* the court provided that employees, in certain circumstances, could seek the entire amount of alleged underpaid wages as penalties in a PAGA action. As pointed out by *Thurman*, PAGA provides "any provision of this code [California Labor Code] that provides for a civil penalty … for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee.…" (Emphasis added.)

As it is alleged that Ecolab violated Labor Code section 510, Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, the civil penalties available under Labor Code section 558.

Labor Code section 1194.2(a) provides for liquidated damages for payment of a wage less than the minimum wage fixed by an order of the commission or by statute. Section 1194.2(a) entitles the employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiff alleges that Ecolab may have violated section 1194.2(a) by failing to pay minimum wages to the PAGA Class.

Labor Code section 1194.3 provides for the recovery of attorney's fees and costs incurred to enforce a court judgment pursuant to unpaid wages pursuant to Labor Code section 1194. Plaintiff alleges that Ecolab violated section 1194 by failing to pay minimum wage and overtime, and that Plaintiffs are therefore entitled to recover attorney's fees.

Labor Code section 1197.1 provides for recovery for employees who are paid a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission. For an initial violation that is intentionally committed, the penalty is one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to section 203. For each subsequent violation for the same specific offense, the penalty is two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203 and recovered pursuant to this section shall be paid to the affected employee.

Labor Code section 2699 provides for a civil penalty for the violation of Labor Code sections that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Plaintiffs allege that Ecolab has potentially violated the following civil-penalty-less Labor Code sections: 201, 202, and 203.

IWC Wage Order 5-2001 provides for a civil penalty to be assessed against an employer who violates its provision. Section 20 thereof states, in relevant part:
> (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:



March 23, 17
Page 7 of 7

    (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

    (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, this additional civil penalty against Ecolab for its violation of IWC Wage Order 5-2001, section 3(A), as well as any additional violation of said Wage Order.

## CONCLUSION

Pursuant to California Labor Code section 2699.5, a violation of the above-cited statutes and regulations may form the basis for a PAGA action against Ecolab. However, as required by law, aggrieved employees like Mr. Miner must first give the Labor and Workplace Development Agency the opportunity to pursue the offending employer before bringing their own PAGA action to collect civil penalties associated with the violation of the above-cited statutes and regulations.

In addition, pursuant to this letter and the enclosures, Mr. Miner is complying with the updated requirements for PAGA claims; specifically, this claim notice letter will also be filed online, with copies sent by certified mail to the employer. Enclosed is a filing fee of $75, as required by the amended statute.

Please let me know if your agency intends to investigate the matter. If not, Mr. Miner intends to pursue his PAGA claims in a civil action, pursuant to law.

Very truly yours,

PALAY HEFELFINGER, APC

By: _____
    Daniel J. Palay

DJP:bdh

Enclosure(s):
    (1) Filing fee (Check No. 0119)

Cc: Alejandro P. Gutierrez, Co-Counsel      (*VIA E-MAIL*)
    Aris E. Karakalos, Co-Counsel      (*VIA E-MAIL*)