1  Alejandro P. Gutierrez, SBN 107688
   *agutierrez@hathawaylawfirm.com*
2  **HATHAWAY, PERRETT, WEBSTER, POWERS,**
   **CHRISMAN & GUTIERREZ, APC**
3  5450 Telegraph Road, Suite 200, Ventura, CA 93006
   Tel: (805) 644-7111; Fax: (805) 644-8296
4
   Daniel J. Palay SBN 159348
5  Brian D. Hefelfinger, SBN 253054
   **PALAY HEFELFINGER, APC**
6  1746 S. Victoria Avenue, Suite 230
   Ventura, CA 93003
7  Telephone: (805) 628-8220
   Facsimile: (805) 765-8600
8  E-mail: *djp@calemploymentcounsel.com;*
           *bdh@calemploymentcounsel.com*
9
   Michael A. Strauss, SBN 246718
10 **STRAUSS & STRAUSS, APC**
   226 W. Ojai Ave. #101-325
11 Ojai, California 93023
   Telephone: (805) 641-6600
12 Facsimile: (805) 641-6607
   E-mail: *mike@strausslawyers.com*
13
   Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG MINER, an individual, on behalf of himself and other persons similarly situated; GLENN PAYTON, an individual, on behalf of himself and other persons similarly situated; and DOES 1 through 10,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-02313-FMO-JC<br><br>CLASS ACTION<br><br>**DECLARATION OF DOUG MINER IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA SETTLEMENT** |

1

**DECLARATION OF DOUG MINER IN SUPPORT OF RENEWED MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

# DECLARATION

I, Doug Miner, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration,

2. I am a plaintiff in the above-entitled matter. I have personal knowledge of the facts stated in this declaration and if called as a witness would and could testify competently thereto.

3. I make this declaration in support of Plaintiffs' Renewed Motion for Preliminary Approval of Class Action and Private Attorneys General Act ("PAGA") Settlement. I became an Ecolab Service Specialist in California prior to 2016.

4. In fact, I began my employment with Ecolab in 1987 and was an employee of Ecolab for over 30 years. I retired from Ecolab as a Service Specialist in 2018. As a Service Specialist, I provided pest elimination services to customers on my assigned route.

5. I have been a class/PAGA representative in this case since it started. I was a member of the class in the case of *Ladore v. Ecolab Inc.*, Central District of California Case No. CV 11-9386 FMO (JC), 2013 WL 12246339, at *2 (C.D. Cal. Nov. 12, 2013) ("*Ladore*"). The case settled, and compensated me for unpaid work through approximately 2013.

6. After the *Ladore* settlement, Ecolab subsequently reclassified its Specialists as non-exempt from overtime laws, and adopted an Incentive Compensation Plan. However, some of my coworkers and I questioned the legality of the Plan and how we were continuing to be paid under the Plan. As such, I contacted the attorneys for the *Ladore* action (I mostly communicate with Mr. Karakalos of the Strauss & Strauss firm) and we discussed mounting a legal challenge to the way Ecolab pays its Specialists.

7. Since then I have actively participated in the litigation and worked with counsel for the potential class, including Aris Karakalos and Michael Strauss, of Strauss

& Strauss, APC, Daniel J. Palay and Brian Hefelfinger of Palay & Hefelfinger, APC, and Alejandro P. Gutierrez of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez.

8. I understand that this case is a "class action" as well as a PAGA, or Private Attorneys General Act, representative action. I further understand that the proposed settlement class in this case is meant to comprise, together with all the pending arbitration cases and state court cases, all current and former pest service specialist employees of Ecolab who have worked in California for Ecolab during the four years preceding the Complaint. It is also my understanding that because this case has spawned hundreds of arbitrations running in parallel with the court case, the proposed settlement class in this matter is intended to "capture" a sub-group of that overall class of workers, and also that this settlement includes a group of "aggrieved employees" under the PAGA, for which I am the representative plaintiff.

9. I am generally familiar with the duties of a class and PAGA representative. Herein, I use the term "class" to mean the group or collection of the other aggrieved employees in this matter that I am representative of. It is my understanding that these duties include the following:

    a. A class/PAGA representative represents the interests of all members of his class in litigation.

    b. A class/PAGA representative has claims that are typical of those of the class, and thus involve common issues of law or of fact. As a class representative, the claims against Ecolab must be typical of the class claims against such Defendant.

    c. A class/PAGA representative always considers the interests of the class just as he would consider his own interests.

    d. A class/PAGA representative participates actively in the lawsuit in the lawsuit, such as by testifying at deposition and trial, answering written

DocuSign Envelope ID: 3802CB63-9339-47E7-B18D-97D5444220B2
Case 2:17-cv-02313-FMO-JC Document 174-1 Filed 12/14/21 Page 4 of 8 Page ID #:6588

interrogatories, and by keeping generally aware of the status and progress of the lawsuit.

    e. A class/PAGA representative recognizes and accepts that any resolution of a class action lawsuit, such as by settlement or dismissal, is subject to court approval and must be designated in the best interests of the class as a whole.

    f. While a class/PAGA representative is not required to be particularly sophisticated or knowledgeable with respect to the legal framework of the lawsuit, he should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide his lawyers and the court with all relevant facts of which he is aware.

    g. A class/PAGA representative volunteers to represent many other people with similar claims and damages, because he believes that it is important that all class members benefit from the lawsuit equally, because he believes that a class lawsuit will save time, money, and effort, and thus will benefit all parties, and the court, and because he believes that the class action is an important tool to assure compliance with the law.

10. I understand and accept the duties imposed upon class/PAGA representatives, and I agree to discharge those duties to the best of my ability.

11. My participation has included, and will continue to include: regular discussions and e-mails with my attorneys regarding the class action, the PAGA representative action as well as individual arbitration, reviewing pleadings and all other documents filed herein and shared with me by counsel, such as:

    a. gathering, sharing, and discussing evidence with my lawyers bearing on the issues at hand;

4

**DECLARATION OF DOUG MINER IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

    b. reviewing the many pleadings, motions, oppositions, and written discovery required in individual arbitration and also in the court action on behalf of the putative class and PAGA aggrieved employees;

    c. preparing to have my deposition taken, sitting for the deposition, reviewing the transcript;

    d. helping my lawyers prepare to depose Ecolab's expert and management witnesses;

    e. preparing to provide rebuttal facts and/or any testimony that may have been required for the arbitrations of other Specialists;

    f. finding potential witnesses and discussing matters with other class members;

    g. gathering, sharing, and discussing evidence with my lawyers;

    h. preparing for my own arbitration hearing, testifying, attending trial, reviewing post hearing briefs and declarations;

    i. helping my lawyers prepare for ADR and negotiations, participating in settlement negotiation discussions with counsel;

    j. handling constant questions and comments from fellow class members during the nearly five years of litigation about the case and now putative settlement;

    k. speaking with my lawyers regarding every aspect of this case over the past four and a half years;

12. I have spent countless hours participating in this litigation and working with my attorneys on the case (not counting the significant number of hours I spent on my arbitration matter separately). Many of these hours have also involved me dealing with many other Ecolab employees, to discuss the case. This has consumed a significant amount of my time over the past four and a half years, I have expended travel expenses associated traveling to attend meetings and my deposition in the case

which took place before this Court compelled the matter to arbitration (in downtown Los Angeles defended by attorney Aris Karakalos), case and for other tasks related to the matter.

13. Having thoroughly reviewed the settlement and discussed its terms with my attorney, I believe that the proposed settlement appears reasonable, particularly when considering the assortment of arbitration rulings that have been obtained in Specialist matters and concerning the Incentive Compensation Plan at issue.

14. I understand that, for settlement purposes in this court case, I am functioning as the PAGA representative. Up until I was ordered to arbitrate my individual claims by this Court, I served as the sole named representative in this case, for both the putative class and the PAGA class. As the current PAGA representative, I will continue to have significant involvement in the case.

15. My claims arise from the same practices and course of conduct as the other Specialists and putative settlement class/PAGA members, in that we all have worked for Ecolab and experienced the same treatment and wage/hour practices described both above, as well as in my prior declaration given in this case in August of 2018 (ECF No. 131-4). In that sense, I am fully "representative" of the other aggrieved employees.

16. I do not have any interests that are antagonistic to or in conflict with the other PAGA class members in this action. To the contrary, I believe my interests are aligned with the other aggrieved and, as a PAGA representative, I will strive to look out for the class's best interests.

17. As the named plaintiff in this action, I signed the Settlement and Release Agreement that forms the basis of the proposed settlement in this matter. As such, I understand that I have agreed to release all the claims asserted in this action, as well as releasing all known and unknown claims, including those arising out of my Ecolab employment. I understand that other class members who are not named plaintiffs are not subject to the same general release terms in the settlement.

18. I risked my personal assets in the prosecution of this claim, because my contingency fee agreement with Class Counsel obligates me to pay litigation costs and there was always the risk that I would have to pay Ecolab's costs and attorneys' fees if we lost the case. I was informed many times that if I did not prevail, I could be held liable for Ecolab's attorneys' fees and costs.

19. In the negotiation of the settlement of this action, these issues were addressed. Based upon my involvement in the litigation, a class and PAGA representative "service payment" was negotiated. It is my understanding that such awards, generally referred to as "incentive" awards or "service" awards, are given in class and PAGA representative actions. They are intended to advance public policy by encouraging individuals to come forward and perform their civic duty in protecting the rights of the class and to compensate class representatives for their time, risk, effort and inconvenience.

20. As a PAGA representative I have signed a general release, and will be able to apply for a PAGA representative service payment. I believe I have showed extraordinary commitment to this litigation over a period of more than four and a half years, resulting in a favorable settlement under the circumstances for hundreds of my fellow (and sometimes, reluctant) coworkers, and for the State of California labor authorities, all as a result of my work on behalf of the class.

21. I feel that the amount of the service payment being requested is fair and reasonable considering the time, hours, and anguish that I have put into this matter. Moreover, my attorneys negotiated a settlement whereby, because I am to receive a service payment, I am also releasing all my claims, known and unknown, against Ecolab. If the Court denies this request for a service payment, it will frustrate the intent of the parties in designing the settlement in this way.

22. When I chose to file this action, I was an active employee of Ecolab. As a then-active employee at the time I filed the case, I took a risk that I might suffer

retaliation as a result. In my view, that risk persisted up until the time I retired, during the pendency of this action.

23. I respectfully request the Court grant final approval of this Settlement and award me the full $2,250 Service Payment requested herein.

24. My interests in this case are the same as the interests of the other aggrieved employees. My interests are the same as other aggrieved employees because we all labored under the same incentive plan (and performed the same job duties as Specialists), which was challenged under California law. I have always put the best interest of the other employees first while performing my duties as a class/PAGA representative. I have been committed to vigorously prosecuting this case on behalf of myself and the other employees.

25. I am fully aware that the Settlement in this case provides that it is not contingent upon me receiving a service payment.

26. I believe that the settlement is fair and reasonable in all respects, in light of the development of the facts, law, evidence, and expert advice, all over the course of this case and the related arbitrations. I believe the settlement is fair to myself and the putative settlement class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed on _____12/10/2021_____ in Lakeside, California.



Doug Miner

**DECLARATION OF DOUG MINER IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**